IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

7-H, Inc.,

    **Plaintiff/Counterclaim Defendant,**

v.

**MG REAL ESTATE, LLC,**

    **Defendant/Counterclaim Plaintiff.**        Case No. 09-cv-180-DRH

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court is Plaintiff's Motion to Remand. (Doc. 10). Defendant removed this case by invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 2). In the Motion to Remand, Plaintiff requests that this case be remanded to the First Judicial Circuit, Williamson County, IL. Plaintiff agrees that diversity of citizenship exists, but argues that Defendant fails to establish that the amount in controversy in this case exceeds $75,000.00 as required by **28 U.S.C. § 1332**. Defendant timely responded. (Doc. 17). Defendant argues that there is sufficient evidence in the record to support the amount in controversy element of the diversity jurisdiction statute. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand.

## II.  LEGAL STANDARD

Defendants removed this case on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**.  The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.  The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.  ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**.  The removing party bears the burden of proving by a preponderance of the evidence that the elements of the Court's jurisdiction are met.  ***Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 543 (7th Cir. 2006)**. If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the date the suit begins, or in the event of removal, the date the suit is removed to federal court.  ***Oshana v. Coca-Cola Co.,* 472 F.3d 506, 510-511 (7th Cir. 2006).**  If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana,* 472 F.3d at 511**.

In diversity jurisdiction suits seeking declaratory judgment or an injunction, the amount in controversy is the value of the "object of the litigation." ***America's Moneyline, Inc. v. Coleman***, 360 F.3d 782, 786 (7th Cir. 2004). In other words, the amount in controversy is the amount at stake to either party of the suit. ***In re Brand Name Prescription Drugs Antitrust Litig.***, 123 F.3d 599, 609-610 (7th Cir. 1997). The object of the litigation is valued either as "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." ***See Macken v. Jensen***, 333 F.3d 797, 799-800 (7th Cir. 2003).

### III. RELEVANT FACTS

The case involves a commercial lease. According to the Complaint and the lease attached to it, the lease at issue originally had a term of four years, which expired on January 31, 2008. That lease contains an option for two three year renewals. Plaintiff alleges, however, that the parties entered into a new lease subsequent to Defendant's bankruptcy and that the term of that lease was for only one year. The one year lease commenced on February 1, 2008 and terminated on January 1, 2009. Defendant maintains it exercised its contractual rights to renew the original lease for a three year term and that it is rightfully occupying the premises. The monthly rent on the building is approximately $3043.47 per month.

### IV. ANALYSIS

In the case at bar, Plaintiff does not seek monetary relief in the Complaint. Rather it seeks declaratory judgment (a) declaring that the lease between Plaintiff and Defendant terminated January 31, 2009; and (b) ordering Defendant to vacate

Plaintiff's premises. (Doc. 2-2, pp. 6, 10). Thus, the Court must evaluate the record that existed at the time the case was removed bearing in mind that Defendant bears the burden of proof on the issue of the jurisdictional amount in controversy.

Plaintiff argues that Defendant has not met its burden of proving that the amount in controversy exceeds $75,000. Plaintiff points to the lack of affidavits or other evidentiary material supporting Defendant's assertion regarding the amount in controversy. Defendant first argues it provides sufficient proof. Defendant argues that from Plaintiff's perspective the amount in controversy is met because Defendant's tenancy in terms of rent payable to Plaintiff exceeds $75,000. Specifically, Defendant points out that if it prevails and remains in the building for three years from the date of the removal, Defendant would pay Plaintiff approximately $109,000 in rent. Defendant also seems to argue that the value of the sale of the building is worth more than $75,000 to plaintiff.[1]

The Court disagrees with Defendant's analysis of the amount at stake in this litigation from Plaintiff's perspective. The object of this litigation is not the rent that is payable in the future pursuant to the lease. In fact, Plaintiff is disavowing that rent in this lawsuit because it wants Defendant out of the building immediately. Nor does Plaintiff does not stand to "gain" that rent if it loses, because that rent is already

---

[1] In its response to Plaintiff's Motion to Remand, Defendant states that "[t]he issue is not the value of the building . . ." (Doc. 17, p.2). However, Defendant goes on to state that "[e]ven if the value of the ability to sell the building is somehow extraordinarily below $75,000 . . ." (Doc. 17, p.2). The latter sentence indicates that it is Defendant's position that the value of the opportunity to sell the building is worth more than $75,000 to Plaintiff. In its Notice of Removal, Defendant expresslyh raises the argument that the value of the building at issue exceeds $75,000 for purposes of satisfying the jurisdictional amount. (Doc. 2, p. 4, n.2).

payable under the lease Defendant argues should be enforced. If Plaintiff loses, it gains nothing. The objective in this lawsuit is that Defendant vacate the premises. It is the value of that "object" that is relevant to the analysis from Plaintiff's perspective. In short, it is what Plaintiff stands to <u>gain</u> by having Defendant out, not what Plaintiff loses (i.e., the rent payable in the future). On the other hand, the "object" from Defendant's perspective is the costs to Defendant should Plaintiff prevail, not the costs Defendant incurs if it prevails, which would be the rent that is already payable. In sum, the future rent is not the object of this litigation and thus immaterial to the Court's analysis.

The second part of Defendant's argument regarding the value of the object of the litigation from Plaintiff's perspective, is that the value of the sale of the building exceeds the jurisdictional amount. Specifically, Defendant argues that the true object of this litigation is for Defendant to vacate the premises so Plaintiff can sell the building. Thus, the value of that sale is something Plaintiff stands to gain if it prevails. While this may be true, the Court finds that there is insufficient evidence in the record regarding the sale price or the fair market value of the building. Thus Defendant fails to shoulder its burden of proof on the issue of whether the value of the sale of the building exceeds $75,000. The value of that sale is entirely speculative. While Plaintiff might be selling the building to make a profit and that profit might exceed $75,000, there is no evidence to support either assertion. Plaintiff's motive for the sale of the building might be something other than profit. Thus, the Court rejects that part of Defendant's argument as well, which leads to Defendant's arguments regarding the value of the object of the litigation from its

perspective.

As already stated, the amount in controversy from Defendant's perspective in this case is the costs it would incur should Plaintiff prevail. Defendant maintains that the costs to it should Plaintiff prevail would exceed $75,000 and that "it has the right to pay a sum in excess of $75,000 to stay in the building until 2012." Again, however, with the latter line of argument Defendant is turning the "amount in controversy" analysis on its head. The amount in controversy is what Plaintiff stands to gain and what Defendant stands to lose should Plaintiff prevail and not what Defendant will pay to Plaintiff should it prevail, which is nothing more than a preservation of the *status quo* from its perspective.

As for Defendant's costs if Plaintiff prevails, the Court finds that Defendant presents insufficient evidence to prove, by a preponderance of the evidence, that it would incur costs in excess of $75,000 if it is forced to vacate the premises. The case of **BEM I, L.L.C. v. Anthropoligie, Inc., 301 F.3d 548 (7th Cir. 2002)** is of no avail to Defendant because it is apparent that in that case the removing party presented specific evidence regarding the value of staying put in its current building. BEM I, L.L.C., 301 F.3d at 553-554. In the case at bar, there is no evidence whatsoever regarding any improvements Defendant made to the building, let alone any evidence of what those improvements are worth. Nor is there any evidence of what it would cost Defendant to negotiate a new lease, make improvements to a new building, or any other relocation costs. Instead, there is only the Defendant's bald assertion that those costs would exceed $75,000. While Plaintiff may "have no

grounds to controvert or even deny" that assertion as Defendant argues, the burden of proof is on Defendant in this case, not Plaintiff.

In sum, the Court finds that Defendant fails to meet its burden of proof in regard to the jurisdictional amount in controversy. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. (Doc. 10). Pursuant to **28 U.S.C. § 1447(c)** the Court **REMANDS** this cause to the First Judicial Circuit, Williamson County, Illinois for lack of subject matter jurisdiction. The Court in its discretion declines to award Plaintiffs costs and expenses, including attorney fees, pursuant to Section 1447(c).

**IT IS SO ORDERED.**

Signed this 21st day of September, 2009.

/s/       DavidRHerndon

**Chief Judge**
**United States District Court**